PER CURIAM.
Joseph Newton appeals a final order of the Florida Department of Health and Rehabilitative Services that denies his application for Medicaid disability benefits. He contends the order is not supported by competent, substantial evidence. We do not agree. While the record contains a copy of a November 1987 medical report from Richard F. Carr, a chiropractor and *1079 acupuncturist, stating that in his opinion Newton’s physical restrictions make “him unsuitable for gainful employment,” the most recent medical information in the file regarding his back condition, a report by Dr. Wingo in October 1989, recommends rehabilitation treatment to improve appellant’s back condition with no suggestion that he is unable to work at any gainful occupation. Other medical reports more remote in time reveal that Newton’s back condition has not been totally disabling to perform any type of employment. The record also contains evidence that Newton’s back condition has remained essentially the same for the last 15 years. On this record, therefore, we are unable to conclude that the hearing officer abused her discretion in concluding that the medical evidence was sufficient to sustain the Department’s determination that Newton’s current condition will not be sufficiently severe for a continuous 12-month period to render him totally disabled within the meaning of the applicable statutes.[1]
And now a word about the Department’s contention that this court does not have jurisdiction to review this case. The Department argues that federal law, the pre-emption doctrine and the doctrine of primary jurisdiction preclude this court from reviewing the final order because federal law has made it clear that jurisdiction for such review more properly rests in the federal system. For the following reasons, we reject this argument.
Section 120.68, Florida Statutes (1989), provides for judicial review of all final state agency orders in the Florida District Courts of Appeal. Title 20 of the Code of Federal Regulations provides that state agencies make the initial disability and blindness determination for the Secretary of Health and Human Services. 20 C.F.R. § 404.1503 (1991). In Florida, the state agency designated to make this determination is the Department of HRS. See §§ 409.266(1),[2] 409.016(1),[3] Fla.Stat. (1989). If the applicant disagrees with the initial determination made by the Department, section 409.285, Florida Statutes (1989), entitled “Opportunity for hearing and appeal” provides:
(1) If an application for public assistance is not acted upon within a reasonable time after the filing of the application, or is denied in whole or in part, or if an assistance payment is modified or canceled, the applicant or recipient may appeal the decision to the Department of Health and Rehabilitative Services in the manner and form prescribed by the department.
(2) The hearing authority may be the Secretary of Health and Rehabilitative Services, a panel of department officials, or a hearing officer, appointed for that purpose. The hearing authority is responsible for a final administrative decision in the name of the department on all issues that have been the subject of a hearing. With regard to the department, the decision of the hearing authority is final and binding. The department is responsible for seeing that the decision is carried out promptly.
Rule 1008.019, Florida Administrative Code, implements section 409.285 by providing in pertinent part:
(1) An individual, his community spouse, or authorized representative may appeal any decision made by the Department concerning his Medicaid eligibility. A fair hearing shall be conducted by the *1080 Department hearings officer in accordance with Federal Regulation, 42 CFR 431 Subpart E....
Chapter 409, Florida Statutes (1989), includes no provision regarding judicial review of HRS’s final decision regarding an application for public assistance. However, section 120.68, Florida Statutes, provides that:
(1) A party who is adversely affected by final agency action is entitled to judicial review....
(2) Except in matters for which judicial review by the Supreme Court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides ....
(Emphasis added). Section 120.52 defines “agency” as including “[e]ach other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority....” The Department is such an agency.
These provisions for judicial review of Department orders are clear and unambiguous. This court has reviewed many similar orders without the Department’s having raised any question as to our jurisdiction.[4] Absent a clear provision in a state or federal statute directing that appellate review be accomplished exclusively by appeal to a federal agency or court, the Department’s jurisdictional argument is without merit.
AFFIRMED.
ZEHMER, BARFIELD and ALLEN, JJ., concur.

. Newton was recently hospitalized for removal of a mass from his stomach, but this illness is not asserted as a basis for total disability. The most recent medical report, dated March 21, 1990, on Newton’s stomach condition indicates that the mass that was removed from his stomach in February 1990 was benign, and that Newton has no problems with his abdomen and "is doing extremely well.”

. Section 409.266(1) provides in pertinent part that "[t]he department [HRS] is designated as the state agency responsible for the administration of Medicaid funds under Title XIX of the Social Security Act and, to the extent moneys are appropriated, is authorized to provide for payment for medical services to any person who_”

.Section 409.016(1) defines “department” as meaning the Department of Health and Rehabilitative Services, unless otherwise specified.

. The Department's final order in this case contained the following notice regarding judicial review:
This decision is final and binding on the part of the Department. If the Petitioner disagrees with this decision, the Petitioner may seek a judicial review in the District Court of Appeal. This appeal must be filed within 30 days of the date shown on this order as filed with the Department’s Clerk. The Department has no funds to assist in this review, and any financial obligations incurred will be the Petitioner’s responsibility.